Fecteau, J.
This is an action in which the plaintiff alleges medical malpractice and negligent infliction of emotional distress; in particular, the plaintiff alleges that while she was employed by the defendant as a housekeeper, he engaged in both a doctor-patient relationship with her and a social-sexual relationship, during which he improperly dispensed legal but controlled substances that he kept at his home as well as having unlawfully distributed illegal controlled substances to her, to which she became addicted.
The plaintiff conducted the deposition of the defendant during which he declined to answer certain questions, claiming privilege from doing so under the fifth amendment to the Constitution of the United States. The plaintiff does not challenge his right to do so, but, having done so she does challenge the right of the defendant to defend himself on the liability aspects of the case, since he refused to provide appropriately discoverable answers to questions put during his deposition. The defendant opposes this sanction on the grounds that it imposes an excessive penalty upon the defendant for his lawful claim of privilege. This matter was heard on August 29, 2001 and taken under advisement at that time.
It appears to the court at this time that the imposition of a sanction of a partial judgment, on liability, is excessive. However, as the case law instructs, the defendant must not be allowed to take unfair advantage of his having placed certain discoverable information out of the reach of the plaintiff. Traditionally, a common method of balancing the equation after claim of privilege is to allow an adverse inference to be drawn against the party who claimed the privilege. For the jury to be so instructed, however, the claim of privilege must have come to their attention. Typically, trial juries are not informed of pre-trial matters unless through impeachment of a witness by prior inconsistent statements or by the introduction of interrogatory or deposition answers of a party-opponent. The defendant claims that the subjects for which the defendant claimed privilege from answering are not relevant and thus would not be admissible at trial in any form.
Questions of relevance are traditionally and for sound reason best leftfor determination by the trial judge, since he or she is in the best position to rule on the admissibility of evidence, in the final analysis. Therefore, although such evidence appears, at this stage of the proceedings to be relevant on the issues of breach of the standard of care of a physician and on negligent infliction of emotional distress, the case is still in the discovery stage and the parties are not fully prepared to argue to this court questions of relevance; for this reason, the court is not now in an appropriate position to rule on the relevancy of the questions for which the defendant claimed the privilege from answering and whether such questions and responses in his deposition may be read to the jury or the defendant required to respond from the witness stand and again assert the privilege in the presence of the jury. Such questions are deferred to the trial judge as is the decision, if the questions and responses are ruled to be relevant and appropriate to be placed in front of the jury, whether the jury should be instructed to draw an adverse inference against the defendant for having claimed the privilege.
An alternative sanction was discussed with counsel at the hearing as to whether the court should restrict the defendant’s right to challenge or contest the issues raised by the questions put to the defendant that he refused to answer. To simply say that the plaintiff is free to testify concerning such events, as the defendant suggests, assuming admissibility, does not appear to be fair, since this activity, if it took place, was likely done between the parties only, without much opportunity for the plaintiff to discover or obtain evidence corroborative of her assertions, leaving the jury in a position of having to determine the credibility of the testimony of a physician who the jury may or may not learn claimed a privilege against the credibility of a less-educated, plaintiff with some history of psychiatric diagnoses and treatment. The plaintiff appears to be continuing to seek evidence that may corroborate her allegations from witnesses or documents. Again, it does appear to be premature to impose such a sanction, given that discovery is ongoing. The court takes no action at the present time but reserves the right for the plaintiff to file a supplemental motion for imposition of this sanction, at the close of all discovery, should such evidence remain elusive.
Since the defendant’s refusal to answer questions reasonably and appropriately put to him, given the *560 allegations at issue in this case, have placed the plaintiff in the position of having to seek such evidence as may be corroborative of her claim of improper drug distribution, which search comes at a cost of time and expense, it is, therefore, fair to impose as a sanction the reasonable costs of this search upon the defendant. The plaintiff, therefore, is granted leave to apply now, in the same manner as she would apply for discretionary costs following a verdict in her favor, for her costs, including attorneys fees incurred in connection with the reasonable efforts to locate admissible evidence that she is forced to seek due to the defendant’s claim of privilege. The defendant is ordered to post with the Clerk of the Superior Court within the next thirty days the sum of $6000.00 against which such fees and costs may be applied. Additionally, the defendant may be required to post' additional sums.